# U.S. DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## UNITED STATES
## V.
## MARK LEE RESCHKE
1:19-cr-00020 (TJK)

CCN#: 19014014
Arrest Number: 491902207

The event occurred on 01/24/2019 at approximately 10:45 p.m., at the WHITE HOUSE, 1600 PENNSYLVANIA AVENUE NW, WASHINGTON, DC 20500.

> On Thursday January 24, 2019 at approximately 2245 hours at 1600 Pennsylvania Ave NW while on a routine foot patrol in full United States Secret Service (USSS) Police Uniform, USSS Officer Arce-Morales (#2337) observed a white male wearing a black jacket, white shirt and blue jeans, who was later identified by his state identification card as Mark Lee Reschke (DOB ▮▮▮▮▮) ("Defendant"). Defendant was on the south sidewalk adjacent to 1600 Pennsylvania Avenue, near the northwest entrance to the White House complex that serves as the press entrance. The White House complex, which includes, among other things, the White House mansion and the White House grounds, is a restricted area in Washington, D.C. Only people with authorized access are permitted inside the White House complex. In front of the entrance were two rows of security barriers (referred to by USSS as "the first set of barriers"). The first set of barriers had several posted signs stating "Restricted Area Do Not Enter." The complex itself was also surrounded by and secured by a steel fence with anti-climb spikes (referred to by USSS as "the second set of barriers").
>
> Officer Arce-Morales observed Defendant climb over the first row of barriers. Officer Arce-Morales began to yell verbal commands at Defendant to stop moving. Defendant did not comply and continued to climb over the second row of barriers. Defendant then jumped onto the steel fence, such that his hands were grasping the anti-climb spikes at the top of the fence. Officer Arce-Morales observed Defendant attempt to swing his legs as if to climb over the fence. Officer Arce-Morales ran over to Defendant, grabbed and pulled Defendant from the fence. USSS Officers Nathanson (# 2076) and Paul Naples (#0879) assisted Office Arce-Morales in placing Defendant on the ground. While Officers Arce-Morales and Nathanson where attempting to place handcuffs on Defendant, Defendant intentionally avoided being handcuffed by repeatedly forcibly pulling his arms away from the officers and hiding his hands under his chest, which was on the ground. The offices were eventually able to gain control of Defendant's hands. Defendant was placed in handcuffs.
>
> After he was placed into custody and throughout the arrest, Defendant was smiling. Defendant was searched. During the search, Defendant was asked by an officer what he was doing, and Defendant stated that he wanted to get a closer look at the White House. Also during the search, when Officer Arce-Morales advised Defendant that his groin area would be searched, Defendant stated, unprompted, "it seems like you are enjoying it" and "I want my anal virginity back."

Officer Arce-Morales noticed that the palms of Defendant's hands bore injuries, consistent with the anti-climb spikes, and the back of Defendant's hands bore scrape marks and debris, consistent with his hands scrapping against the ground while he resisted the officers. Defendant was given medical assistance on the scene in the form of band aids. While receiving medical assistance, Defendant stated, unprompted, that he would rather have the First Lady put on the band aid. USSS Officer Smallman (#1605) took pictures of injuries and incident.

At 2321 hours, Defendant was placed under arrest for Unlawful Entry and Resisting Arrest, under CCN 19-014014. USSS Sgt. Groomes (#S122) advised Defendant of his rights. USSS Officers Sanikop and Campbell attempted to interview Defendant. Defendant made rambling incoherent statements, and then stated he would speak to the First Lady and that he was trying to get a better view of the White House lawn. The officers discontinued the interview.

Defendant was transported to George Washington University Hospital for attention to his injuries. While at the hospital, Officers Sanikop and Campbell again attempted to interview Defendant. Defendant advised the officers that he arrived in Washington, D.C. before Christmas. Defendant stated he received a ride from a friend but would not disclose who that person was. Defendant also stated that he has been staying in different shelters and staying with friends in the Washington, D.C. area. Defendant stated that he spent his time visiting different memorials in the area. Defendant did not make any threats towards any USSS protectees or USSS protected facilities. The officers reiterated to Defendant that he cannot bypass restricted areas. Defendant acknowledged and again stated that he wanted to see the lawn.

Defendant answered the following Protective Intelligence questions:
-No military history
-No interest in assassins or assassination attempts
-Currently prescribed ████████████
-Not a member of any group or organization that seeks to cause harm to the U.S. or USSS Protectees
-Did not make any threatening statements towards POTUS or any other USSS Protectee
-Has never attended any rallies for USSS Protectees

Defendant was released from the George Washington University Hospital and transferred to the Metropolitan Police Department Second District Station. Defendant later was taken to Howard University Hospital for trouble with his breathing.

A search of USSS records revealed that Defendant had a prior interaction with the USSS. On 12/20/2018, Defendant drove to the White House complex in a car reported stolen by his sister. He made several incoherent statements to the USSS officers on scene, explaining that he wanted to speak with the President about ending human trafficking and child pornography. He refused to be interviewed by the USSS. Defendant eventually departed the area on foot. USSS officers followed up on the interaction with Defendant by interviewing Defendant's sister and brother-in-law. They stated that Defendant lived with them, that he had stolen his sister's car, that Defendant suffered from mental health issues including ████████████████████████████ and that they had previously ████████████

Based on the foregoing, your affiant submits that there is probable cause to believe that the defendant violated 18 U.S.C. § 1752(a)(1) (Entering or Remaining in Restricted Building or Grounds), 22 D.C. Code § 3302(b) (Unlawful Entry Public Property), and 18 U.S.C. § 111(a)(1) (Resisting, or Impeding Certain Officers or Employees)

The event and acts described above occurred primarily in the District of Columbia and were committed as described by Defendant listed in the case caption.

Subscribed and sworn before me this 01/25/2019

| 2337 | USSS | [signature] |
|---|---|---|
| Police Officer / Badge# / CAD# | Unit | Witness / Deputy Clerk |

The foregoing statement was made under penalty of criminal prosecution and punishment for false statements pursuant to D.C. Code 22-2405